UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL DIAMOND,

    Plaintiff,

v.

    Civil Case No. 19-12409
    Honorable Linda V. Parker

GENESEE COUNTY LANDBANK,

    Defendant.
_____/

## **OPINION AND ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT**

On August 15, 2019, Plaintiff filed this lawsuit against Defendant and an application to proceed in forma pauperis.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to

reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556).

Generally, a less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy Rule 8.

Plaintiff's Complaint suggests that he is attempting to challenge certain state court decisions here. Federal courts, however, lack jurisdiction to review a case litigated and decided in state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16, 103 S. Ct. 1303, 1315 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486, 103 S. Ct. at 1317; *see also Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir. 1996). Review of final determinations in state judicial proceedings can be obtained only through the state courts and, then, in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476, 103 S. Ct. at 1311.

Thus, to the extent Plaintiff only is challenging a state court order, the Court would have to summarily dismiss his Complaint. Plaintiff, however, also refers to violations of his rights under the ADA and states that someone refused to sell him

his home due to his color and disability. But Plaintiff does not identify his race, fails to allege any facts to enable the Court to determine how Defendant was involved, what Defendant did, or where and when this happened. To the extent Plaintiff is attempting to assert violations of his civil rights based on his disability or race—or any other claim besides an appeal of a state court decision—he must amend his Complaint to satisfy Rule 8(a)'s requirements.

Therefore, by **September 30, 2019**, Plaintiff shall file an amended complaint in compliance with Federal Rule of Civil Procedure Rule 8 or this action will be dismissed without prejudice.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 16, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 16, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager