UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL DIAMOND,

       Plaintiff

v.

GENESEE COUNTY LAND
BANK,

       Defendant.
_____/

Case No. 2:19-cv-12409
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**CASE MANAGEMENT SCHEDULING ORDER and
ORDER DIRECTING THE CLERK OF THE COURT TO STRIKE
CERTAIN FILINGS FROM THE RECORD and DENYING PLAINTIFF'S
MOTION TO HAVE DEFENDANT STATE ITS LEGAL FEES AND COSTS
(ECF No 44)**

**A.  State Court Cases**

On November 10, 2014, Earl M. Diamond filed a lawsuit against Angela Swain, Cornell Jones, Genesee County Land Bank Authority (GCLBA), and the Genesee County Treasurer. It appears that the court granted GCLBA and Treasurer's motion for summary disposition in January 2015. It also appears that Diamond was engaged in settlement negotiations with Swain and Jones, at least from February 2015 to January 2016. *See* Case No. 14-103809-CH (Genesee County 7th Circuit Court).

1

The instant case stems from the events of March 20, 2019, when Diamond claims to have entered into a consent judgment in state court. (ECF No. 8, PageID.23.) On June 20, 2019, the GCLBA filed a complaint for termination of tenancy. A bench trial was conducted on June 26, 2019, July 3, 2019, and July 24, 2019, after which the Court entered a dismissal without prejudice. From August 13-15, 2019, an order of eviction was entered, the motion to set aside default judgment was denied, and an order to stay proceedings was entered. Case No. C19G4151LT (Genesee County 67th District Court).

### B. Bankruptcy Case

Meanwhile, on May 29, 2019, Diamond filed a Chapter 7, voluntary bankruptcy petition. Case No. 4:19-bk-31316-jda (Bank. E.D. Mich.). On September 4, 2019, Bankruptcy Judge Joel D. Applebaum entered an order denying Debtor's motion to set aside order vacating interim order granting debtor's motion to impose automatic stay and lifting automatic stay. Shortly thereafter, Diamond filed a bankruptcy appeal, which remains pending. Case No. 5:19-cv-12694-JEL-MJH (E.D. Mich.).

### C. Instant Case

On August 15, 2019, Plaintiff filed the instant lawsuit against the Genesee County Land Bank (GCLB). He represents himself, and the Court has granted his application to proceed *in forma pauperis*. (ECF Nos. 2, 9.)

In his September 26, 2019 amended complaint, Plaintiff mentions the above-described state court cases. (ECF No. 8, PageID.26, 28 ¶¶ 5, 9.) Generally, Plaintiff alleges that GCLB has violated his civil rights. (ECF No. 8, PageID.23.)

D.  **The January 9, 2019 Scheduling Conference and Hearing**

On December 4, 2019, Judge Parker referred this case to me for pretrial matters. (ECF No. 30.) I entered a notices to appear on January 9, 2020 at 10:00 a.m. for a scheduling conference and a motion hearing on Plaintiff's motion for injunctive relief (ECF No. 23), as to which Defendant has filed a response (ECF No. 31). (ECF Nos. 35, 36, 42.) Each of these notices was served upon Plaintiff at his address of record (3115 Dale Ave., Flint, MI 48506).[1]

Attorneys Charles A. Grossmann and Peter E. Goodstein appeared on behalf of Defendant GCLB. By 10:30 a.m., at which time Plaintiff had yet to appear, the

---

[1] Early in this case, the Clerk of the Court issued a "NOTICE REGARDING PARTIES' RESPONSIBILITY TO NOTIFY COURT OF ADDRESS CHANGE." (ECF No. 4.) On November 25, 2019, Plaintiff filed an "address statement," wherein he alleges that he is homeless, living in a homeless shelter, and has no true address. (ECF No. 20, PageID.64.) However, he claims that mail can be sent to 3115 Dale Ave., and "it will be forwarded to the plaintiff." (*Id.*)

3

Court began the hearing. As noted on the record, Plaintiff's November 25, 2019 motion for injunctive relief (ECF No. 23) is **TAKEN UNDER ADVISEMENT**, and my related report and recommendation will issue under separate cover.

### E. Documents to Strike from the Record

For the reasons stated on the record, all of which are incorporated herein by reference, the Clerk of the Court is **DIRECTED** to strike from the record Plaintiff's notices (ECF Nos. 16, 17, 18, 26, 33, 39), Plaintiff's November 25, 2019 settlement agreement (ECF No. 22), Plaintiff's December 2, 2019 filing (ECF No. 25), Plaintiff's December 17, 2019 filing (ECF No. 37), and Plaintiff's December 19, 2019 request (ECF No. 41).

### F. Plaintiff's Motion Regarding Defense Counsel's Legal Fees and Costs

On December 23, 2019, Plaintiff filed a motion to have Defendant GCLB state its legal fees and costs to litigate this case. (ECF No. 44.) Defendant GCLB has filed a response. (ECF No. 47.)

For the reasons stated on the record, all of which are incorporated herein by reference, this motion is **DENIED**. In sum, there is no basis for the relief requested, and Defendant's objection is sustained. Moreover, to the extent that this is a discovery request, it is improperly filed on the record. *See* E.D. Mich. L.R. 26.2. <u>Plaintiff shall refrain from filing discovery and/or free standing evidentiary material in the record and shall restrict himself to filings which are authorized by</u>

<u>and in compliance with: (1) the Federal Rules of Civil Procedure; (2) the Local Rules of this Court; and, (3) my Practice Guidelines or those of Judge Parker, both of which are available at www.mied.uscourts.gov. Plaintiff, at the very beginning of any new filing, shall cite the rule or guideline under which it is filed.</u>

### G.     Requests for Entry of Default or Default Judgment Stricken

Defendant GCLB filed an answer to Plaintiff's complaint on October 28, 2019. (ECF No. 13.) On November 4, 2019, defense counsel emailed Plaintiff a copy of the answer. (ECF No. 15.)

Fed. R. Civ. P. 55 governs entry of default or default judgment. Perhaps emboldened by Defendant's effort to serve Plaintiff by email (*see* ECF No. 20), on December 23, 2019, Plaintiff filed a request for Clerk's entry of default judgment. (ECF No. 43.) However, on December 30, 2019, the Clerk denied Plaintiff's request, based on the facts that "[n]o prior clerk's entry of default was entered[,]" see Fed. R. Civ. P. 55(a), and "the defendant [had] answered the amended complaint . . . ." (ECF No. 46.)

For the reasons stated on the record, all of which are incorporated herein by reference, but namely for the same reasons the Clerk denied Plaintiff's request, the Clerk is **DIRECTED** to strike Plaintiff's December 17, 2019 and December 23, 2019 "injunction motion[s] def[au]lt judgment[,]" the Undersigned also finding that they are premature, and indeed, now moot. (ECF Nos. 38, 45.)

5

### H. Scheduling Order

On November 26, 2019, Defendant filed a discovery plan, as to which it claims that Plaintiff refused to participate. (ECF No. 19, PageID.57.) In a December 2, 2019 filing, Plaintiff claims he "has nothing to present for [the December 5, 2019] discovery hearing[,]" (ECF No. 28, PageID.93), which was presumably a reference to the scheduling conference then noticed for that date. (ECF No. 14.)

Upon consideration, the Court sets the following case management deadlines:

**(1)** Any motion pursuant to Fed. R. Civ. P. 12 must be filed no later than **Monday, March 16, 2020**.

**(2)** Discovery may proceed and must be <u>completed</u> on or before **Tuesday, March 31, 2020**. The Court advises the parties that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response. The Court further advises that motions relating to discovery, if any, shall be filed within the discovery period unless it is impossible or impracticable to do so.

**(3)** Any motion under Fed. R. Civ. P. 56 must be filed by **Monday, June 1, 2020**. The Court expects the parties to conduct any discovery that may be needed to address any potential motion for summary judgment within the discovery period set forth above.

**(4)** If necessary, the Court will enter a separate order setting final pretrial conference and trial dates.

Throughout the process, the parties are required to follow the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules, each of which can be accessed at https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe. In addition, the parties must refer to and follow my practice guidelines, available at https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51. **In particular, I direct the parties' attention to my practice guidelines on "Discovery," "Motion Practice."**

I.   **Special Instructions for *Pro Se* Litigants**

As mentioned on the record, Plaintiff's December 17, 2019 motion to appoint counsel (ECF No. 40) is **TAKEN UNDER ADVISEMENT**, and a ruling will issue under separate cover.  Meanwhile, all parties, regardless of whether they are represented by counsel, are expected to abide by the rules and guidelines identified above.  No one in the Courthouse can provide you with legal advice, including Judge Patti, his staff, Clerk's Office staff, or another party's attorney.  If you need the assistance of any attorney, you must retain one on your own.  **There is a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School.  To determine if you are eligible for assistance, you may contact the Federal *Pro Se* Legal Assistance Clinic at (313) 234-2690 or proseclinic@udmercy.edu.**

**IT IS SO ORDERED.**

Dated: January 13, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 13, 2020, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti