UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL DIAMOND,

       Plaintiff

v.

GENESEE COUNTY LAND
BANK,

       Defendant.
_____/

Case No. 2:19-cv-12409
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 40), (2) DENYING PLAINTIFF'S JANUARY 13, 2020 MOTION (ECF No. 49); (3) DENYING PLAINTIFF'S REQUESTS FOR ACCOMMODATIONS (ECF Nos. 21, 29, 50); and, (4) DIRECTING THE CLERK OF THE COURT TO STRIKE SEVERAL FILINGS (ECF Nos. 54, 56, 57, 58, 59, 64, 65) FROM THE RECORD**

**I.    OPINION**

      **A.    Plaintiff's amended complaint is the operative pleading.**

On August 15, 2019, Diamond filed the instant lawsuit against the Genesee County Land Bank (GCLB). (ECF Nos. 1, 5.) In this initial filing, Plaintiff listed his contact information, including a street address, telephone number, and e-mail address. (ECF No. 1, PageID.2.) Plaintiff represents himself, and the Court has granted his application to proceed *in forma pauperis*. (ECF Nos. 2, 9.)

1

On September 16, 2019, Judge Parker entered an opinion and order requiring Plaintiff to file an amended complaint. (ECF No. 7.) On September 26, 2019, Plaintiff filed an amended complaint, wherein he alleges that GCLB violated his civil rights. (ECF No. 8.) Plaintiff only signed the proof of service. (*Id*., PageID.29.)

Genesee County Land Bank Authority (GCLBA) filed an answer on October 28, 2019. (ECF No. 13.) Within its affirmative defenses, GCLBA claims that Plaintiff's amended complaint "is unsigned . . . ," and "does not contain his address or telephone number contrary [to] Rule 11(a) . . . ." (ECF No. 13, PageID.42 ¶ 1(a).)[1] Still, Defendant served the answer, not only to 3115 Dale Ave., Flint, MI but also to earldiamond1965@yahoo.com. (ECF No. 13, PageID.44; ECF No. 15, PageID.48.)

### B. Plaintiff's Address of Record (3115 Dale Ave.) Has Not Been a Reliable Service Destination.

Seemingly since the August 15, 2019 initiation of this lawsuit, Plaintiff's address of record has been 3115 Dale Ave., Flint, MI 48506, *i.e.*, the property in question. (*See* ECF No. 1, PageID.1-2, 8; *see also* ECF No. 8, PageID.23.) In November 2019, Plaintiff submitted a filing, which explained that he was homeless, living in a homeless shelter, and had been evicted from 3115 Dale Ave.,

---

[1] The Court will address this issue when it addresses Defendant's pending dispositive motion. (*See* ECF No. 55, PageID.178, 183.)

apparently on August 19 or 20, 2019.  (ECF No. 18, PageID.53.)  The return address for this filing is P.O. Box 318, Flint, MI.  (ECF No. 18, PageID.55; *see also* ECF No. 22, PageID.70 [Nov. 2019]; ECF No. 45, PageID.140 [Dec. 2019]; ECF No. 63, PageID.231 [Feb. 2020].)  Plaintiff also filed an "address statement," in which he states that "[h]e is homeless, live[s] in a homeless shelter . . . , and . . . has no true address."  (ECF No. 20, PageID.64.)  Yet, he again explains that mail should be sent to 3115 Dale Ave., Flint, MI 48506 and lists the same phone number as in his original complaint.  (*Id.*, ECF No. 1, PageID.2.)

Ostensibly, in late November 2019, December 2019 and January 2020, the return address on Plaintiff's correspondence to the Court was 605 Garland, Flint, MI 48506, which is the address for Carriage Town Ministries.  (*See*, *e.g.*, ECF No. 22, PageID.70; ECF No. 29, PageID.97; ECF No. 32, PageID.105; ECF No. 43, PageID.135; ECF No. 51, PageID.164.)[2]  *This might explain why the Court's late December 2019 and January 2020 attempts to serve Plaintiff with certain matters (ECF Nos. 42, 46 & 48) – each at 3115 Dale Ave., his address of record with this Court – were returned to the Court as undeliverable.*  (ECF Nos. 52, 53 & 63.)

---

[2] *See* https://www.carriagetown.org/, last visited May 8, 2020.  (*But see* ECF No. 23, PageID.80 [envelope return address 3115 Dale Ave.]; ECF No. 25, PageID.88 [envelope return address 3115 Dale Ave.]; ECF No. 28, PageID.93 [asking for mail to be sent to 3115 Dale Ave. and claiming it will be forwarded to him]; ECF No. 43, PageID.132 [Request for Clerk's Entry of Default Judgment lists 3115 Dale Ave. as Plaintiff's street address].)

Plaintiff's latest filings suggest a further possible change of address. Although certain matters filed in February 2020 list a return address of 3115 Dale Ave. (ECF No. 54, PageID.171; ECF No. 56, PageID.213), other matters filed in February 2020, as well as matters filed in March 2020, list a return address of 3398 Dye Rd., Flint, MI 48507 (ECF No. 57, PageID.217-218; ECF No. 58, PageID.221; ECF No. 59, PageID.225; ECF No. 62, PageID.229-230; ECF No. 64, PageID.237; ECF No. 65, PageID.241). *Perhaps this is why the Court's March 2020 attempt to serve Plaintiff with an order (ECF No. 61) at 3115 Dale Ave. was returned as undeliverable.* (ECF No. 66.)

Though the Court is deeply sympathetic to Plaintiff's plight as an apparently homeless individual, it is not the Court's responsibility to figure out what Plaintiff's address of record should be from moment to moment, based on each incoming piece of mail received from Plaintiff. Given the unreliable nature of 3115 Dale Ave. as Plaintiff's mailing address of record, Plaintiff's attention is **HEREBY DIRECTED** to E.D. Mich. LR 11.2, which provides, in part:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her **address, e-mail address, and telephone number** on the first paper that person files in a case. *If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information.* The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address") (emphases added).  Notwithstanding Plaintiff's prior assertion that he has "no true address," (ECF No. 20, PageID.64), he will be required to update his contact information with a reliable service address, even if it is a post office box, via a clearly labeled "Notice of Change of Address/Contact Information."

    **C.**    **Plaintiff failed to appear at the January 9, 2020 hearing.**

On December 4, 2019, Judge Parker referred this case to me for pretrial matters and cancelled the scheduling conference, which had been noticed for December 5, 2019.  (ECF Nos. 14, 30.)  On January 9, 2020, the Undersigned held a combined scheduling conference and motion hearing, at which Plaintiff did not appear.  (ECF Nos. 35, 36, 42.)

It seems that Plaintiff knew about the hearing, but, for whatever reason, failed to attend.  On three occasions, a hearing was noticed for January 9, 2020 at 10 a.m.  (ECF Nos. 35, 36, 42.)  True, the latest of these hearing notices was returned to the Court as undeliverable.  (*See* ECF No. 52.)  However, the Court presumes that Plaintiff received the other notices, and, even if he did not, Plaintiff's January 13, 2020 filing – the proof of service for which seems to be dated January 5, 2020 – makes clear that he knew about the hearing, as he stated that he "will not attend . . . due to health . . . [,]" and, without any specifics, "can't attend hearing and court when [i]ll/sick or when over medicated." (*See* ECF No.

5

50, PageID.158, 160.) If Plaintiff had conflicts with the January 9, 2020 hearing, such as a previously scheduled doctor's appointment or a hearing in Flint or a shift of work (*id.*, PageID.157-158), he should have contacted the Court and/or opposing counsel to facilitate a new hearing date. As for "money to travel to Detroit[,]" which Plaintiff claims he does not have, occasionally being present in Court is an ordinary and reasonable part of prosecuting a lawsuit.

The January 13, 2020 post-hearing order accomplished several tasks. It directed the Clerk of the Court to strike 12 items from the record and denied Plaintiff's motion regarding defense counsel's legal fees and costs. (ECF No. 48, PageID.149-150; *see also* ECF Nos. 16, 17, 18, 26, 33, 39, 22, 25, 37, 41, 38, 45.) Importantly, the order also set forth certain case management deadlines and provided special instructions for *pro se* litigants. (*Id.*, PageID.151-152.) Unfortunately, as noted above, the copy of this order mailed to Plaintiff was returned to the Court as undeliverable. (ECF No. 63.)

    **D.**    **Instant Motions**

        **1.**    **Plaintiff's motion to appoint counsel (ECF No. 40)**

On or about November 27, 2019 – after Diamond filed the instant lawsuit – Plaintiff completed a U.S. Department of Housing and Urban Development (HUD) "Housing Discrimination Complaint," seemingly against the GCLBA and the Genesee County Treasurer. (ECF No. 40, PageID.124.) On December 17, 2019,

in the instant case, Plaintiff filed a motion and request for "a lawyer at no cost to him based upon HUD/Fair Housing Discrimination Laws." (ECF No. 40, PageID.123.)

I took this motion under advisement in January 2019. (ECF No. 48, PageID.152.) Upon consideration, Plaintiff's motion (ECF No. 40) is **DENIED WITHOUT PREJUDICE**. True, "[t]he court may request an attorney to represent any person unable to afford counsel[,]" 28 U.S.C. § 1915(e)(1). However, to the extent Plaintiff seeks appointment of counsel in the instant case, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). More to the point, Plaintiff's assertions that having a lawyer will "make the case run smoother[,]" and "free up time for the plaintiff/appellant to litigate his Bankruptcy Appeals case[,]" (ECF No. 40, PageID.123), do not show that "exceptional circumstances" warrant the appointment of counsel. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993). If, instead, Plaintiff seeks the appointment of counsel for the Housing Discrimination Complaint, such a request must be made to the U.S. Department of HUD, not this Court.

    **2.**    **Plaintiff's January 13, 2020 motion (ECF No. 49)**

On January 13, 2020, Plaintiff filed what purports to be a Fed. R. Civ. P. 55 motion for entry of default or default judgment. (ECF No. 49.) However, in substance, Plaintiff seems to be asking the Court to grant his motion for injunctive relief (ECF No. 23) on the basis that GCLBA's response (ECF No. 31) is tardy. Thus, the Court construes Plaintiff's motion (ECF No. 49) as one brought under E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

Problematically, Plaintiff appears to rely upon Fed. R. App. P. 27(a)(3)(A) ("The response must be filed within 10 days after service of the motion unless the court shortens or extends the time."). In the Eastern District of Michigan, the due date for a response to a motion depends on whether the relief sought is dispositive or non-dispositive. E.D. Mich. LR 7.1(e) ("Briefing Schedule.") "A response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B). "A response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B).

Here, even though Plaintiff's underlying motion for injunctive relief was dated November 15, 2019 (*see* ECF No. 23, PageID.79), it was filed on November 25, 2019. Notwithstanding this 10-day lapse, even if Plaintiff placed his motion in the mail on Friday, November 15, 2019, then the Court assumes that GCLBA received it three days later, on Monday, November 18, 2019, in which case

8

GCLBA's response was due on Monday, December 9, 2019. Fed. R. Civ. P. 6(d), E.D. Mich. LR 7.1(e)(1)(B). In other words, GCLBA's December 9, 2019 response was timely. (ECF No. 31.) Accordingly, Plaintiff's January 13, 2020 motion (ECF No. 49) − which effectively asks the Court to grant as unopposed his November 25, 2019 motion for injunctive relief (ECF No. 23) – is **DENIED**.

### 3. Plaintiff's requests for accommodations (ECF Nos. 21, 29, 50)

Plaintiff has filed several requests for accommodations, each of which cites the Americans with Disabilities Act (ADA) and Michigan's Elliott-Larsen Civil Rights Act (ELCRA). The first two requests are nearly identical, explaining, *inter alia*, that he is disabled and homeless, he may not be able to attend the December 5, 2019 hearing or other hearings, and he "has a list of disabilities that will prevent him from attending." (ECF Nos. 21, 29.)[3] Plaintiff's third request includes claims that: (a) for medical reasons, he cannot attend court in Detroit; and, (b) hearings and trial need to be in his hometown of Flint (or a decision should be made without a hearing). (ECF No. 50, PageID.157.) This latest request for accommodations was accompanied by two separately-titled but related pages, one stating that he will not attend the January 9, 2020 motion hearing, which is a hardship due to his health (ECF No. 50, PageID.158), and another stating that he waives his right to a

---

[3] (*See also* ECF No. 28, PageID.93 [claiming he has nothing to present for the December 5, 2019 discovery hearing].)

hearing in Detroit but not to a trial or hearing in Flint (ECF No. 50, PageID.159). Neither of these two pages seems to specify Plaintiff's alleged ailment(s).

Plaintiff may wish for this case to be heard at the U.S. Courthouse in Flint, MI (the city where he and the subject property are located), rather than the U.S. Courthouse in Detroit, MI. However, the U.S. District Court for the Eastern District of Michigan has locations in Detroit, Ann Arbor, Bay City, Flint and Port Huron. This Court's local rules provide that, for Genesee County, "the places of holding court are Detroit, Ann Arbor, Flint and Port Huron[,]" E.D. Mich. 83.10(a)(1), *i.e.*, the Southern Division. "[B]ecause the cause of action is proper in the Southern Division of the Eastern District of Michigan, any place of holding, Detroit, Flint, Ann Arbor, or Port Huron, is proper." *Morton v. Wright*, No. 06-14151, 2007 WL 734965, at *10 (E.D. Mich. Mar. 8, 2007) (Gadola, J.). Moreover, "[i]n Ann Arbor, Detroit, Flint and Port Huron, the Clerk shall employ a random method for the assignment of civil cases . . . to Judges." E.D. Mich. LR 83.11(a)(1). Thus, whatever ailments or financial constraints Plaintiff claims to have, this lawsuit's assignment to a judge located in Detroit is perfectly appropriate under this Court's local rules for assignment of civil cases.

Finally, it is certainly possible for some matters to be handled without a hearing. *See* E.D. Mich. LR 7.1(f) ("Hearing on Motions."). However, Plaintiff initiated this action, chose to bring it in this Court, and should have expected to

10

appear in Court at various times during this litigation, including hearings, pretrial and settlement conferences, and, ultimately, for trial. The Court also generally believes that there is often a more meaningful discussion in conferences and at oral argument when the parties and counsel appear in person, and, therefore, in the absence of a pandemic, it prefers to avoid telephonic hearings (especially where the parties and counsel are in-state). *See, e.g.*, *Jones v. Michigan Dep't of Civil Rights*, No. 2:18-CV-11934, 2018 WL 8806100, at *1 (E.D. Mich. Aug. 27, 2018) (Patti, M.J.), *objections overruled sub nom. Jones v. Michigan Dep't of Civil Rights*, No. 18-11934, 2018 WL 8806092 (E.D. Mich. Sept. 6, 2018) (Battani, J.).

Plaintiff not having illustrated error in the assignment of his case and the Undersigned finding it necessary that Plaintiff will eventually need to appear in Detroit, Plaintiff's requests for accommodations (ECF Nos. 21, 29, 50) are **DENIED**, although the Court may take this into consideration in determining whether certain matters are to be decided without a hearing in accordance with E.D. Mich. LR 7.1(f).

### 4. Plaintiff's February 18, 2020 filing (ECF No. 54)

By way of background, in the November 26, 2019 discovery plan, defense counsel contends that Plaintiff "proposes all discovery be completed by February 1, 2020." (ECF No. 19, PageID.61-62.) In a document filed December 2, 2019, Plaintiff claimed to have "nothing to present for [December 5, 2019] discovery

11

hearing." (ECF No. 28.) Thereafter, the December 5, 2019 scheduling conference was cancelled, and the case was referred to the Undersigned for pretrial matters. Following a January 9, 2020 hearing at which Plaintiff did not appear, I entered a case management scheduling order which provided, in part: "Discovery may proceed and must be <u>completed</u> on or before **Tuesday, March 31, 2020**." (ECF No. 48, PageID.151 (emphases in original).) As we now know, the copy of this order that was mailed to Plaintiff was returned as undeliverable. (ECF No. 63.)

In mid-February 2020, Plaintiff filed a document, the title for which claimed that he "has no evidence for discovery after being discriminated against by [GCLBA][,]" and he "can't afford discovery." (ECF No. 54, PageID.169.) Among other things, Plaintiff claims that GCLBA "illegally evicted him and destroyed all the evidence he had to prove his case[,]" *i.e.*, "[t]hese things [were] taken and destroyed." (*Id*.)

Setting aside the fact that discovery is now closed, the Federal Rules of Civil Procedure concerning disclosures and discovery provide for various forms of written discovery. (*See* Fed. Rules Civ. P. 26-37.) While the Court is sensitive to Plaintiff's alleged homelessness, disability and indigence, the Court is also sensitive to Defendant's need to defend this case. Even Plaintiffs who represent themselves are expected to prosecute their claims in accordance with the rules. *Termarsch v. Fabrizio & Brook, P.C.*, No. 06-12514, 2006 WL 3313744, at *2 n.1

(E.D. Mich. Nov. 15, 2006) (Duggan, J.) ("All parties, whether represented by counsel or acting *pro se,* must be aware of and must follow the Local Rules, as well as the Federal Rules of Civil Procedure. Otherwise, a *pro se* litigant could simply justify the failure to comply with the rules on the basis of his/her unawareness.").[4] Plaintiff cannot fairly expect to lodge claims against a Defendant without engaging in the disclosure and discovery process. More to the point, although this three-paragraph filing alerts the Court to various aspects of Plaintiff's circumstances (ECF No. 54), it does not seem to seek any particular form of relief. As such, it is not a proper motion and is **STRICKEN** from the record. *See* MOTION, Black's Law Dictionary (11th ed. 2019) ("A written or oral application requesting a court to make a specified ruling or order.").

### 5. Certain January 2020 – March 2020 filings (ECF Nos. 56, 57, 58, 59, 64, 65)

Since the January 9, 2020 hearing and January 13, 2020 order (ECF No. 48), the Clerk of the Court has docketed eleven matters on Plaintiff's behalf. As

---

[4] *See also Jones v. Michi[g]an Dep't of Civil Rights*, No. 2:18-CV-11934, 2018 WL 4385666, at *6 (E.D. Mich. Sept. 14, 2018) (Patti, M.J.) ("*pro se* litigants are required to follow the Federal Rules of Civil Procedure, the Eastern District of Michigan Local Rules, and my Practice Guidelines . . . ."), *report and recommendation adopted sub nom. Jones v. Michigan Dep't of Civil Rights*, No. 18-11934, 2019 WL 1097489 (E.D. Mich. Mar. 8, 2019) (Battani, J.); *Anderson v. Furst*, No. 17-12676, 2018 WL 4407750, at *2 (E.D. Mich. Sept. 17, 2018) (Patti, M.J.) (quoting *Termarsch*).

follows, these filings are either not signed at all or only signed on the proof of service:

1. The "appellant none hearing default judgment for preliminary injunction 2 court entry of def[au]lt" is not even signed on the proof of service (ECF No. 49, PageID.155)

2. A multi-matter filing, which is accompanied by a single proof of service, bears a signature only on the proof of service (ECF No. 50, PageID.160)

3. The "appellant reply brief to appellees answer to preliminary injunction," which seems intended as a reply to GCLBA's response (ECF No. 31) to Plaintiff's motion for injunctive relief (ECF No. 23), is not even signed on the proof of service (ECF No. 51, PageID.163)

4. The "appellants [sic] has no evidence for discovery after being discriminated against by the appellee appellant can't afford discovery" is only signed on the proof of service (ECF No. 54, PageID.170)

5. The "appellants [sic] was not served his mail was returned and put on hold because he is homeless after being discriminated against by the appellee" is only signed on the proof of service (ECF No. 56, PageID.212)

6. The "proof appellants [sic] received mail before it was returned by the homeless shelter" is only signed on the proof of service (ECF No. 57, PageID.217)

7. The "nonhearing motion . . ." is only signed on the proof of service (ECF No. 58, PageID.220)

8. The "appellant has a new fair housing discrimination claim appelleant [sic] will sue again" is only signed on the proof of service (ECF No. 59, PageID.224)

  9.  The document titled, "homeless appellant will not dismiss case," which seems intended as a response to Defendant's motion to dismiss (ECF No. 55), is only signed on the proof of service (ECF No. 62, PageID.229)

  10.  The "statement of issues cv" is only signed on the proof of service (ECF No. 64, PageID.236)

  11.  The "discovery information witness and ROAs" is only signed on the proof of service (ECF No. 65, PageID.240)

In at least some cases, Plaintiff's proofs of service claim to have been executed "on or after the date signed below." (*See, e.g.*, ECF No. 56, PageID.212 & ECF No. 65, PageID.240.)  In its pending dispositive motion, Defendant contends this does not "state a date of service."  (ECF No. 55, PageID.183.)

  The Federal Rules of Civil Procedure require that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number.  Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit.  The court must strike an unsigned paper unless the omission is promptly *corrected* after being called to the attorney's or party's attention."  Fed. R. Civ. P. 11(a) ("Signature.") (emphasis added).[5]

---

[5] The Advisory Committee Notes for the 2007 Amendment to Rule 11 explain that "[p]roviding an e-mail address is useful, but does not of itself signify consent to filing or service by e-mail."

Upon consideration, the Court will **STRIKE** several of Plaintiff's unsigned filings (ECF Nos. 56, 57, 58, 59, 64, 65) as non-compliant with Fed. R. Civ. P. 11(a), although it will not do so as to those unsigned matters upon which the Court has ruled above (ECF Nos. 49, 50 & 54) or as to those unsigned matters which appear to be a reply or response (ECF Nos. 51 & 62) to existing motions (ECF Nos. 23 & 55).  A signature on proof of service is a certification of service.  *See*, *e.g.*, *Hemphill v. City of Taylor*, No. 14-CV-14958, 2016 WL 2957928, at *2 (E.D. Mich. May 23, 2016) (noting "a Proof of Service signed and notarized on November 2, 2015, in which Plaintiff certifies that he sent his interrogatory answers to Defendants' counsel.").  A signature on the filing is a certification of its contents.  *See* Fed. R. Civ. P. 11(b) ("Representations to the Court.") ("By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party *certifies* that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]" certain conditions exist.) (emphasis added).  If Plaintiff wishes to correct these omissions, as anticipated by Fed. R. Civ. P. 11(a), then he may refile these stricken and unsigned documents (ECF Nos. 56, 57, 58, 59, 64, 65) in corrected form, *separately signing the documents as to their content and the certificates of service as to service*.

16

**II. ORDER:**

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 40) is **DENIED WITHOUT PREJUDICE** (Section I.D.1.), Plaintiff's motion challenging the timeliness of one of Defendant's filings (ECF No. 49) is **DENIED** (Section I.D.2), Plaintiff's requests for accommodations (ECF Nos. 21, 29, 50) are **DENIED** (Section I.D.3), and the Clerk of the Court is **DIRECTED TO STRIKE** certain of Plaintiff's filings (ECF Nos. 54, 56, 57, 58, 59, 64, 65) from the record (Sections I.D.4, I.D.5.)[6]

No later than **Wednesday, July 15, 2020**, Plaintiff **SHALL** update his contact information by filing and serving a notice in accordance with E.D. Mich. LR 11.2. Otherwise, Plaintiff risks dismissal of his lawsuit.

Finally, the Court reiterates, as it did in its prior order (ECF No. 48, PageID.152), that, if Plaintiff needs the assistance of an attorney, he must retain one on his own. **There is a Federal *Pro Se* Legal Assistance Clinic operated in the Courthouse by the University of Detroit Mercy School of Law. To determine if you are eligible for assistance, you may contact the Federal *Pro Se* Legal Assistance Clinic at (313) 234-2690 or proseclinic@udmercy.edu.**

---

[6] Plaintiff's November 25, 2019 motion (ECF No. 23), which was previously taken under advisement and as to which a response and reply have been filed (*see* ECF Nos. 48, 31, 51), and Defendant's February 25, 2020 dispositive motion (ECF No. 55), as to which a Plaintiff has filed a response (ECF No. 62), will each be addressed under separate cover. Briefing is now closed in these matters.

Objections to this order are governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Dated: June 25, 2020　　　　　　　　s/*Anthony P. Patti*
　　　　　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE